IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____
NO. 22-13270-JJ
_____

ALFREIDA HOGAN,

Appellant,

v.

SECRETARY, U.S. DEPATRMENT OF VETERANS AFFAIRS
Appellee.
_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NO.  2:20-cv-01244-MHH

BRIEF FOR APPELLANT,
Alfreida Hogan
_____

James M. Wooten
Attorney for Appellant
200 Century Park South, Suite 106
Birmingham, AL  35226
(205) 322-7707

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT
_____
### NO. 22-13270-JJ
_____

## ALFREIDA HOGAN,

**Appellant,**

**v.**

## SECRETARY, U.S. DEPATRMENT OF VETERANS AFFAIRS
### Appellee.
_____

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NO. 2:20-cv-01244-MHH

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

The undersigned counsel of record for Appellant, in compliance with Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, certifies that the following listed persons and parties have an interest in the outcome of this case. These representations are made so that the Judges of this Court may evaluate possible disqualification or recusal pursuant to the local rules of Court:

1. Donat, Amanda, Assistant United States Attorney, Northern District of Alabama.

2. Haikala, Madeline, United States District Court Judge for the Northern District of Alabama.

3., Holt, Elizabeth, Assistant United States Attorney, Northern District of Alabama.

4. Hogan, Alfreida, Appellant.

5. Pickren, Robert C. Assistant United States Attorney, Northern District of Alabama.

5. Wilkie, Robert, Secretary, United States Department of Veterans Affairs, Appellee.

6. Wooten, James M., Attorney for the Appellant.


*James M. Wooten*
James M. Wooten
Attorney for the Appellant

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant does not request oral argument in this matter.

# TABLE OF CONTENTS

PAGE

CERTIFICATE OF INTERESTED PERSONS AND
       CORPORATE DISCLOSURE STATEMENT ………………ii-iii

STATEMENT REGARDING ORAL ARGUMENT ………………iv

TABLE OF CONTENTS …..………………………………....…… v-vi

TABLE OF CITATIONS……………………………………….....vii-viii

STATEMENT OF APPELLATE AND SUBJECT………………... ix
       MATTER JURISDICTION

STATEMENT OF THE ISSUES......………………………………. 1

STATEMENT OF THE CASE

A.    Course of Proceedings and Disposition in the Court Below….1-2

B.    Statement of Facts ………………………………………….2-10

C.    Standard of Review …………………………………………..10

SUMMARY OF THE ARGUMENT ……………………………….10

ARGUMENT AND CITATIONS OF AUTHORITY ………………11-17

I. The District Court held that the Supreme Court's reasoning in *Fort Bend County v. Davis,* 139 S. Ct. 1843 (2019) logically dictates that the administrative exhaustion rule for a public sector Title VII claim is a claims-processing rule rather than a jurisdictional prerequisite. However, the District Court was bound to grant the Appellee's motion to dismiss as this Court has not adopted that reasoning and *Crawford v. Babbitt,* 186 F.3d 1322 (11th Cir. 1999) remains binding precedent. Consequently, the Appellant is requesting *en banc* consideration of this case and that this Court overrule *Crawford v. Babbitt* and adopt the reasoning in *Fort Bend County v. Davis* and hold that the administrative exhaustion rule for a public sector Title

VII claim is a claims-processing rule rather than a jurisdictional prerequisite.

CONCLUSION …………………………………………………......17

CERTIFICATE OF COMPLIANCE ………………………..……....19

CERTIFICATE OF SERVICE …………………………………......20

# TABLE OF CITATIONS

**Cases**                                                                                    **Page**

*Boos v. Runyon,* 201 F.3d 178 (2nd Cir. 2000)……………………………… 16

*Bowden v. U.S.,* 106 F.3d 433 (D.C. Cir. 1997)……………………….. 16

*Bowen v. City of New York*, 476 U.S. 467 (1986)………………………15

*Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832–33 (1976)……………8

*Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997)……………… 9

*Chanda v. Engelhard/ICC,* 234 F.3d 1219, 1225 (11th Cir. 2000)…….. 14

*Coons v. Mineta* , 410 F.3d 1036 (8th Cir. 2005)………………………..16

*Crawford v. Babbitt*, 186 F.3d 1322 (11th Cir. 1999)……………………1, 8, 10, 11,
                                                                                                      12, 14,

*Davis v. Fort Bend County,* 765 F. 3d 480 (5th Cir. 2014)………………16

*Fouche v. Jekyll Island State Park Auth.*,
        713 F.2d 1518, 1525 (11th Cir. 1983)……………………………14

*Fort Bend County v. Davis*, 139 S. Ct. 1843 (2019) …………………... 1, 8, 9, 10,
                                                                                                      11, 14

*Henderson v. Shinseki,* 562 U. S. 428, 435,
        131 S. Ct. 1197, 179 L. Ed. 2d 159 (2011)………………………15

*Hickey v. Brennan,* 969 F.3d 1113 (10th Cir. 2020)……………………16

*Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89 (1990)…………………13

*Jackson v. BellSouth Telecomms.,*
        372 F.3d 1250, 1262 (11th Cir. 2004)……………………………10

*Jackson v. Seaboard Coast Line R. Co.,*
        678 F.2d 992, 1007 (11th Cir. 1982)……………………………14

*Mitchell v. Chapman,* 343 F.3d 811 (6th Cir. 2003)………………………16

*Ramirez v. Secretary, U.S. Dept.. Of Transportation,*
 686 F.3d 1239 (11th Cir. 2012)…………………………………………12

*Rennie v. Garrett III*, 896 F.2d 1057 (7th Cir.1990)……………………16

*Robinson v. Dalton, 107 F.3d 1018 (3rd Cir. 1996)*……………………16

*Steinberg v. Donahoe,* No. 13-61617-CIV, 2014 U.S. Dist. LEXIS
 47776, 2014 WL 1356711 (S.D. Fla. Apr. 7, 2014)………………14

*United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003)…………9

 *United States v. Dailey,* 24 F.3d 1323, 1327 (11th Cir. 1994)…………14

*United States v. Woodard*, 938 F.2d 1255, 1258 (11th Cir. 1991) ………9

*Walton v. Harker*, 33 F.4th 165 (4th Cir. 2022*)*………………………….. 16

*Zipes v. Trans World Airlines, Inc.,*
 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).,,,,,,,,,,……..14

**Statutes**

*28 U. S. C. §1331*………………………………………………………15

*42 U.S.C. §2000e-5(e)(1)*………………………………………………15

*42 U.S.C. §2000e-5(f)(1)*………………………………………………15

*42 U. S. C. §2000e-5(f)(3)*……………………………………………..15

*42 U.S.C. § 2000e-16(a)*………………………………………………12

29 C.F.R. §§ 1614.101 et seq………………………………………..12

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This Court has jurisdiction to hear the instant appeal pursuant to 28 U.S.C. Section 1291 because this is an appeal from a final judgment of the United States District Court for the Northern District of Alabama. The District Court granted the Appellee's motion to dismiss, holding that the Appellant failed to exhaust her administrative remedies with respect to her claims of racial discrimination and retaliation / reprisal against the Appellee.

## STATEMENT OF THE ISSUE

I. The District Court held that the Supreme Court's reasoning in *Fort Bend County v. Davis,* 139 S. Ct. 1843 (2019) logically dictates that the administrative exhaustion rule for a public sector Title VII claim is a claims-processing rule rather than a jurisdictional prerequisite. However, the District Court was bound to grant the Appellee's motion to dismiss as this Court has not adopted that reasoning and *Crawford v. Babbitt,* 186 F.3d 1322 (11th Cir. 1999) remains binding precedent. Consequently, the Appellant is requesting *en banc* consideration of this case and that this Court overrule *Crawford v. Babbitt* and adopt the reasoning in *Fort Bend County v. Davis* and hold that the administrative exhaustion rule for a public sector Title VII claim is a claims-processing rule rather than a jurisdictional prerequisite.

## STATEMENT OF THE CASE

### i.    Course of Proceedings and Disposition in the Court Below.

On August 24, 2020, the Appellant (hereinafter referred to as Hogan) filed her complaint in the United States District Court for the Northern District of Alabama against the Appellee, Secretary, Department of Veterans Affairs (hereinafter referred to as "the VA). Hogan alleged that she suffered a hostile work environment based on her race in her employment with the VA and was demoted based on her race. She also alleged retaliation / reprisal by the VA in response to her complaints of discrimination. R.1. The VA answered the complaint, alleging

affirmative defenses. R.6. A scheduling order was entered, R.8 and the parties undertook discovery. Before discovery was concluded, on November 1, 2021, the VA filed a motion for summary judgment, arguing that Hogan had failed to exhaust her administrative remedies as she had failed to timely formal administrative complaint. R.28. On December 31, 2021, Hogan filed a response in opposition to the motion for summary judgment. R.34. On January 14, 2022 the VA filed a reply / response in support of its motion for summary judgment. R. 35. On August 1, 2022 the District held a telephone conference / hearing on the motion for summary judgment. On August 2, 2022 the District Court granted the VA's motion for summary judgment. R. 38. On September 27, 2022 the Hogan filed a notice of appeal from the District Court's order granting the Appellee's motion to dismiss. R-39. This appeal follows.

ii. **Statement of the Facts**

On February 27, 2019, Hogan received a Notice of Proposed Personnel Action-Demotion, proposing to demote her from her position as Nurse Practitioner to Staff Nurse reducing her salary from $119,902.00 to $94,310.00 effective March 31, 2019. She was given until March 9, 2019, to file a response to the charges. R.34-1.

On March 8, 2019, Hogan, through her counsel, submitted a written response to the proposed demotion. The response contained the following complaints / assertions:

> Dr. Steve Swetz was hired from the Mayo Clinic in 2015 to become the Chief of Palliative Care for the Birmingham VA. From almost the beginning of his tenure Dr. Swetz was combative, disruptive and disrespectful. He was not knowledgeable about VA policies, practices and procedures regarding palliative care. He singled out African American employees (Dr. Hogan and Dr. Michael Johnson) for harassing behavior based on their race. It is our understanding that an EEO complaint was made against Dr. Swetz and shortly thereafter, he stepped down from his position.

> *     *     *     *     *     *     *     *     *     *     *

> Dr. Swetz retaliated against Dr. Hogan for her professional association with Dr. Michael Johnson, an African American whom Dr. Swetz also harassed.

> Dr. Swetz noted that during the Inter Disciplinary Team (IDT) meetings, Dr. Hogan would sit next to and converse with Dr. Michael Johnson, African American pharmacist. She and Dr. Johnson would talk and converse during these meetings (as would all other team members). However, Dr. Swetz would single our Dr. Hogan and Dr. Johnson for criticism. He directed Dr. Hogan not to sit next to Dr. Johnson during these meetings and ultimately banned her from the meetings altogether, stating "I can't control him (referring to Dr. Johnson) but I can control you."

> The basis of the proposed demotion are either false or were created by Dr. Swetz actions that were contrary to VA policies, procedures and standards of care. As shown in the statements from physicians and employees who worked with both Dr. Hogan and Dr. Swetz, he created an atmosphere of chaos and malpractice that endangered the health safety and welfare of veterans. This conduct was so outrageous that most of the palliative care staff left.

Conversely, the physicians and employees speak highly of Dr. Hogan, her quality as a health care provider and her concern and care for those veterans and their families who are facing death. Dr. Swetz singled out Dr. Hogan because of her race to consistently harass her and change the standards to which she was expected to perform. Witnesses have described his critical and demeaning comments regarding Dr. Hogan. Ultimately, Dr. Swetz stepped down from his inpatient position. He is currently involved primarily in the Palliative Care Outpatient clinic with minimal inpatient responsibilities.

Based on the above, the proposed adverse personnel action for a demotion was baseless, and based on a discriminatory animus against Dr. Hogan by Dr Swetz because of her race.

R. 34-2, pp.2-3.

On March 15, 2019, the VA demoted Hogan from her position Nurse Practitioner to a Staff Nurse reducing her salary from $119,902.00 to $94,310.00 effective March 31, 2019. R. 34-3.

On April 4, 2019, Counsel for Hogan initiated contact with an Equal Employment Opportunity ("EEO") counselor at the VA's Office of Resolution Management ("ORM") Southeast District Office. R. 28-3 at 2.

On April 5, 2019, Randall Mitchell, EEO Specialist at VA's Office of Resolution Management ("ORM") Southeast District Office, contacted Hogan's counsel via email, which stated, "Attached are the initial documents regarding your client's **informal EEO complaint**. Please review, sign and return documents at your earliest convince…" R. 34-4, p.1.

On April 11, 2019, Counsel for Hogan forwarded to Mitchell a number of documents that had been requested by Mitchell, including Hogan's detailed response and complaints of race discrimination that had previously been provided to the VA on March 9, 2019. R. 34-2 and 34-5.

EEO counseling concluded on July 3, 2019, when the ORM emailed Hogan and her counsel, a letter and attached Notice of Right to File a Discrimination Complaint. Doc. R.28-1, ¶ 8; R. 28-3 at 12–16.

Hogan and her counsel received the letter and Notice of Right to File a Discrimination Complaint via email from Mitchell on July 7, 2019. R. 28-3. pp. 16 – 17. Both the letter and attached notice informed Hogan that she had 15 days from receipt of the notice to file a formal complaint of discrimination. R. 28-1, para.9; R. 28-3 at 12 & 14.

On July 11, 2019, Hogan's counsel filled out the form complaint provided in the email from ORM with attachments and forwarded to Hogan for her review. Hogan signed the form complaint and returned it to her counsel. R. 34-6, R. 34-10, para. 11-13.

On July 19, 2019, Hogan's counsel emailed the form complaint, with cover letter and attachments, to Robbie C. Barham, District Manager, Department of Veterans Affairs, Office of Resolution Management, via his email

ormsdo4939@va.gov, as provided in the notice from Mr. Mitchell on July 7, 2019. R. 34-7, 34-10, para.14.

On October 21, 2019, Hogan's counsel received communication from Hogan that Stacy Vasquez, Medical Center Director of the Birmingham VA was threatening to report her the Alabama Board of Nursing based on the allegations on which her demotion was based. R. 34-9, pp.1-2, R. 34-10 para 16.

On October 30, 2019 Hogan's counsel submitted a written response to Ms. Vasquez regarding her threatening actions. Counsel again reiterated for the 3rd time, Hogan's complaints, and her allegations of race discrimination. Counsel also stated that he believed Vasquez's actions were in retaliation for Hogan's "current EEO charge and that the charge would be amended to reflect the same." R. 34-10, para.17  R. 34-9, p. 4-9.

Hogan's counsel received no contact from the VA nor ORM. R. 34-10, para. 18.

On February 3, 2020 Hogan informed counsel that Vasquez had made a complaint against her with the Alabama Board of Nursing.  R. 34-10, para.19, R. 34-9, p. 10.

Counsel received no contact from the VA nor ORM. R. 34-10, para. 20.

On April 16, 2020, Hogan's counsel called ORM. He spoke to someone (he does not recall their name) who informed him that ORM had never received the

form and attachment that had been emailed on July 19, 2020. The individual provided counsel a different email to which to send correspondence-ormsedcorrespondence@va.gov R.34-10, para. 21.

On April 17, 2020, Hogan's counsel emailed ORM (to the newly provided email address) his declaration letter, notice of closing the informal counselling, the form complaint, and the completed and signed form complaint with attachments. R. 34-8, 34-10, para. 22..

On May 28, 2020 ORM dismissed Hogan's complaint in its entirety pursuant to 29 C.F.R. §1614.107(a)(2) for failing to comply with regulatory time limit. R.28-3 pp. 23-27.

In its decision, ORM considered whether the filing deadline could be extended, and rejected the same. R.28-3 pp. 26.

On August 24, 2020, Hogan filed her complaint in the United States District Court for the Northern District of Alabama against the Appellee, Secretary, Department of Veterans Affairs. R.1. In her complaint Hogan alleged, verbatim, the allegations race discrimination and retaliation / reprisal she had raised in her response to the proposed demotion on March 8, 2019 R. 34-2, pp.2-3. as well as in her response to ORM's request for information during the informal counselling on April 11, 2019, R. 34-2 and 34-5.

The VA answered the complaint, alleging affirmative defenses, including alleging that Hogan's "…claims are barred because she failed to timely exhaust mandatory administrative remedies applicable to Title VII claims." R.6 p. 10.

A scheduling order was entered, R.8 and the parties undertook discovery. Before discovery was concluded, on November 1, 2021, the VA filed a motion for summary judgment, arguing that Hogan had failed to exhaust her administrative remedies as she had failed to timely file a formal administrative complaint. R.28.

On December 31, 2021, Hogan filed a response in opposition to the motion for summary judgment. R.34.

On January 14, 2022 the VA filed a reply / response in support of its motion for summary judgment. R. 35.

On August 1, 2022 the District held a telephone conference / hearing on the motion for summary judgment. On August 2, 2022 the District Court granted the VA's motion for summary judgment.

> In *Crawford v. Babbitt*, the Eleventh Circuit indicated that a "federal employee must pursue and exhaust her administrative remedies as a jurisdictional prerequisite to filing a Title VII action." 186 F.3d 1322, 1326 (11th Cir. 1999) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832–33 (1976)). More recently, in the context of private sector Title VII claims, the Supreme Court has held that Title VII's charge-filing requirement is a "processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1851 (2019). This distinction is significant because the failure to comply with a jurisdictional requirement defeats subject matter

jurisdiction, eliminating a district court's ability to consider any issue in a case other than jurisdiction. In contrast, a defendant may waive a mandatory claims-processing rule, and those rules may be subject to equitable tolling, empowering a district court to consider mitigating circumstances that might excuse a plaintiff's failure to comply with a claims-processing rule like administrative exhaustion. *See Fort Bend Cty.*, 139 S. Ct. at 1849 & n.5.

The Court agrees with Ms. Hogan that the Supreme Court's reasoning in *Fort Bend County* logically extends to public sector Title VII claims and dictates that the administrative exhaustion rule for a public sector Title VII claim is, like its close private sector relative, a claims-processing rule rather than a jurisdictional prerequisite. Still, in *Fort Bend County*, the Supreme Court did not discuss Title VII's charge-filing requirement in the context of public sector employment. The Eleventh Circuit has not published an opinion addressing the effect of *Fort Bend County* on public sector Title VII claims. Consequently, for public sector claims, *Crawford* remains binding precedent for courts in the Eleventh Circuit. "The law of this circuit is 'emphatic' that only the Supreme Court or [the Eleventh Circuit] sitting *en banc* can judicially overrule a prior panel decision." *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997) (quoting *United States v. Woodard*, 938 F.2d 1255, 1258 (11th Cir. 1991)). "[U]nless and until" the Supreme Court or the Eleventh Circuit sitting *en banc* overturns *Crawford*, this Court must apply *Crawford*'s holding that a federal employee must exhaust Title VII's administrative remedies as a jurisdictional prerequisite to filing a Title VII claim in federal court. *Cf. United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003).

Plaintiff's counsel has not established that Ms. Hogan's complaint was emailed to the VA on July 19, 2019. (Doc. 34, p. 17 ("Hogan's counsel also acknowledges that he cannot provide a copy of the email to ORM with the form complaint attached and that the VA denies receipt of such an email.")). Because Ms. Hogan is a federal employee who has not established exhaustion of Title VII's administrative remedies, the Court lacks subject matter jurisdiction and dismisses this matter without prejudice.

R. 38, pp. 2-5.

On September 27, 2022 the Hogan filed a notice of appeal from the District Court's order granting the Appellee's motion to dismiss. R-39. This appeal follows.

### iii.     Standard or Scope of Review.

The standard of review as to the District Court's decision to grant motion to dismiss is *de novo. Jackson v. BellSouth Telecomms.,* 372 F.3d 1250, 1262 (11th Cir. 2004).

## SUMMARY OF THE ARGUMENT

In light of *Fort Bend County v. Davis,* 139 S. Ct. 1843 (2019) the Appellant is requesting that this Court overrule *Crawford v. Babbitt* 186 F.3d 1322 (11th Cir. 1999) and hold that the administrative exhaustion rule for a public sector Title VII claim is a claims-processing rule rather than a jurisdictional prerequisite. Panels of this Court have held that the exhaustion of administrative remedies requirement in a discrimination case involving a federal employee is a condition precedent, as did a majority of the circuits prior to *Ft. Bend*. 2 additional circuits applied the reasoning in *Ft. Bend* to reach the same conclusion. it is a logical and natural progression of the interpretation of this issue is that the rule in this circuit should be the exhaustion of administrative remedies requirement in a discrimination case involving a federal employee is a condition precedent and not jurisdictional,

## ARGUMENT AND CITATIONS OF AUTHORITY

**I. The District Court held that the Supreme Court's reasoning in *Fort Bend County v. Davis,* 139 S. Ct. 1843 (2019) logically dictates that the administrative exhaustion rule for a public sector Title VII claim is a claims-processing rule rather than a jurisdictional prerequisite. However, the District Court was bound to grant the Appellee's motion to dismiss as this Court has not adopted that reasoning and *Crawford v. Babbitt,* 186 F.3d 1322 (11th Cir. 1999) remains binding precedent. Consequently, the Appellant is requesting *en banc* consideration of this case and that this Court overrule *Crawford v. Babbitt* and adopt the reasoning in *Fort Bend County v. Davis* and hold that the administrative exhaustion rule for a public sector Title VII claim is a claims-processing rule rather than a jurisdictional prerequisite**.

As stated above, Hogan brings this action against her employer, the VA, making claims of racial discrimination and retaliation / reprisal. The VA, in its answer and motion for summary judgment, alleged that Hogan's action was due to be dismissed because she did not file a formal complaint of discrimination and therefore, did not exhaust her administrative remedies, and, as a result, the District Court lacked subject matter jurisdiction over the action. Because the District Court

was bound by this Court's precedent in *Crawford v. Babbitt,* 186 F.3d 1322 (11th Cir. 1999), the District Court granted the VA's motion for summary judgment.

Title VII prohibits employers, including the federal government, from discriminating against employees on the basis of race. See *42 U.S.C. § 2000e-16(a)* and *Ramirez v. Secretary, U.S. Dept.. Of Transportation*, 686 F.3d 1239 (11th Cir. 2012).[1] Before bringing a Title VII action in court, a federal employee must first seek relief from the agency where the alleged discrimination occurred … This requirement is not a technicality; rather, it is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel primary responsibility for maintaining nondiscrimination in employment. In accordance with the congressional design, the Equal Employment Opportunity Commission ("EEOC") has adopted regulations setting forth the procedure that employees must follow in presenting discrimination claims to federal agencies. See *29 C.F.R. §§ 1614.101 et seq.* See *Ramirez v. Secretary, Department of Veterans Affairs,* 686 F.3d 1239, 1243 (11th Cir. 2012). This process of notifying and seeking relief from the agency and allowing it to investigate the

---

[1] In Ramirez a panel of this Court held that the exhaustion requirement in a discrimination case involving a federal employee is not jurisdictional

allegation(s) of discrimination prior to bringing a Title VII in court is known as a claimant "exhausting their administrative remedies".

In *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89 (1990) the U.S. Supreme Court held:

> Time requirements in lawsuits between private litigants are customarily subject to "equitable tolling,"… Indeed, we have held that the statutory time limits applicable to lawsuits against private employers under Title VII are subject to equitable tolling…. A waiver of sovereign immunity "'cannot be implied but must be unequivocally expressed.'"… Once Congress has made such a waiver, we think that making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver. Such a principle is likely to be a realistic assessment of legislative intent as well as a practically useful principle of interpretation. We therefore hold that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States. Congress, of course, may provide otherwise if it wishes to do so.

Id. at 95-96. (citations omitted). Although the *Irwin* court did not discuss whether the exhaustion requirement in a discrimination case involving a federal employee is jurisdictional or a condition precedent, equitable tolling is a remedy / relief available when the exhaustion requirement is condition precedent. It is not available when the exhaustion requirement is jurisdictional, as the lack of subject matter jurisdiction prevents the court from considering the applicability of equitable tolling.  See *Bowen v. City of New York,* 476 U.S. 467 (1986) (exhaustion excused for same reasons as those allowing tolling of the statute of limitations).

As the District Court noted in *Steinberg v. Donahoe*, No. 13-61617-CIV, 2014 U.S. Dist. LEXIS 47776, 2014 WL 1356711 (S.D. Fla. Apr. 7, 2014):

> [A] conflict exists within this Circuit regarding whether the exhaustion requirement in a discrimination case involving a federal employee is jurisdictional or a condition precedent. Compare *Fouche v. Jekyll Island State Park Auth*., 713 F.2d 1518, 1525 (11th Cir. 1983) (noting that "all Title VII procedural requirements to suit are henceforth to be viewed as conditions precedent to suit rather than as jurisdictional requirements"), with *Crawford v. Babbitt*, 186 F.3d 1322, 1326, (11th Cir. 1999) "a federal employee must pursue and exhaust her administrative remedies as a jurisdictional prerequisite" (emphasis added)) and *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000) ("The filing of an administrative complaint with the EEOC is ordinarily a jurisdictional prerequisite to a Title VII action."). The line of cases concluding that exhaustion is a condition precedent and not a jurisdictional requirement began in the days of the former Fifth Circuit. See *Jackson v. Seaboard Coast Line R. Co*., 678 F.2d 992, 1007 (11th Cir. 1982) (citations omitted). In *Jackson*, the Eleventh Circuit reaffirmed its view that exhaustion constitutes a condition precedent, as opposed to a jurisdictional requirement, based in part on *Zipes v. Trans World Airlines, Inc*., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). See id. at 1003-1010. When an irreconcilable conflict exists between panel opinions of this Circuit, "the earliest panel opinion resolving the issue in question binds this circuit until the court resolves the issue en banc." *United States v. Dailey*, 24 F.3d 1323, 1327 (11th Cir. 1994) (citation and quotation marks omitted). Thus, this Court concludes that exhaustion is a condition precedent.

Id. at p. 6 n. 8

In *Fort Bend County v. Davis,* 139 S. Ct. 1843 (2019) the 5th Circuit held that Title VII's charge filing requirement is not jurisdictional, reversing the decision by the District Court. The Supreme Court granted Fort Bend's petition for

certiorari, to resolve a conflict among the courts of appeals over whether Title VII's charge-filing requirement is jurisdictional. The Court "…stressed the distinction between jurisdictional prescriptions and nonjurisdictional claim-processing rules, which "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Henderson v. Shinseki*, 562 U. S. 428, 435, 131 S. Ct. 1197, 179 L. Ed. 2d 159 (2011)". The Court listed cases in numerous areas that it had characterized as nonjurisdictional an array of mandatory claim-processing rules and other preconditions to relief. Id. At 1849-1850. In affirming the 5th Circuit's decision, the Court concluded:

> Title VII's charge-filing requirement is not of jurisdictional cast. Federal courts exercise jurisdiction over Title VII actions pursuant to *28 U. S. C. §1331*'s grant of general federal-question jurisdiction, and Title VII's own jurisdictional provision, *42 U. S. C. §2000e-5(f)(3)* (giving federal courts "jurisdiction [over] actions brought under this subchapter"). separate provisions of *Title VII, §2000e-5(e)(1)* and *(f)(1)*, contain the Act's charge-filing requirement. Those provisions "do not speak to a court's authority," … or "refer in any way to the jurisdiction of the district courts," … Instead, Title VII's charge-filing provisions "speak to . . . a party's procedural obligations." ... They require complainants to submit information to the EEOC and to wait a specified period before commencing a civil action. Like kindred provisions directing parties to raise objections in agency rulemaking, …follow procedures governing copyright registration, … or attempt settlement, … Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of  courts.

Id. At 1850-1851 (citations omitted).

Prior to *Ft. Bend* a majority of the circuits recognized that Title VII's charge filing requirement for Federal employees is not jurisdictional. *Boos v. Runyon*, 201 F.3d 178 (2nd Cir. 2000); *Robinson v. Dalton*, 107 F.3d 1018 (3rd Cir. 1996); *Davis v. Fort Bend County*, 765 F. 3d 480 (5th Cir. 2014); *Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003); *Rennie v. Garrett III,* 896 F.2d 1057 (7th Cir.1990); *Coons v. Mineta ,* 410 F.3d 1036 (8th Cir. 2005); *Bowden v. U.S.,* 106 F.3d 433 (D.C. Cir. 1997). Two circuits have applied the reasoning in *Ft. Bend* to cases involving federal employees: *Walton v. Harker,* 33 F.4th 165 (4th Cir. 2022) and *Hickey v. Brennan,* 969 F.3d 1113 (10th Cir. 2020).

That the exhaustion of administrative remedies requirement in a discrimination case involving a federal employee is a condition precedent and not jurisdictional, is a logical and natural progression from the case law cited above.

In *Irwin* the Supreme Court held that equitable tolling is available in discrimination cases involving federal employees. Panels of this Court have held that the exhaustion of administrative remedies requirement in a discrimination case involving a federal employee is a condition precedent, as did a majority of the circuits prior to *Ft. Bend*. 2 additional circuits applied the reasoning in *Ft. Bend* to reach the same conclusion. All the statutory requirements, standards and burdens of proof contained within Title VII apply equally to federal employees as they do

private sector employees. The only difference is in enforcement. While the EEOC has been charged with enforcement as to private sector employees, enforcement as to federal employees has been delegated to the employing federal agency. While such agency is allowed to implement policies and procedures to enforce the statutory requirements, they are not allowed to change them. Congress, nor any provision in Title VII, differentiates between public and federal employees with regard to discrimination claims. As stated above, it is a logical and natural progression of the interpretation of this issue is that the rule in this circuit should be the exhaustion of administrative remedies requirement in a discrimination case involving a federal employee is a condition precedent and not jurisdictional,

## CONCLUSION

Hogan requests this Court *en banc* overrule *Crawford v. Babbitt* 186 F.3d 1322 (11th Cir. 1999) and adopt the rule that the exhaustion of administrative remedies requirement in a discrimination case involving a federal employee is a condition precedent and not jurisdictional. Further, that the Court reverse the District Court's order granting the VA's motion for summary judgment as to this issue and remand this case to said court to further consider the VA's motion for summary judgment, and Hogan's response, in light of the requested relief.

Respectfully submitted,


*James M. Wooten*
James M. Wooten
Attorney for the Appellant

# <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel of record for the Appellant certifies that the brief of the Appellant is in compliance with 11th Cir. R. 28-2(d) and that the font style and size used in preparation of the text of this brief is Times New Roman, 14 point. Pursuant to Rule 32(a) (7) (B), the attorney for the Appellant in this action hereby certifies that the Appellant's brief complies with the type volume limitation in that the brief contains 4,393 words.

*James M. Wooten*       
JAMES M. WOOTEN
Attorney for Appellant

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have served a copy of the foregoing brief of the Appellant upon counsel for the Appellee, by U.S. Mail, First Class, postage prepaid this the 25th day of November, 2022, as follows:

Elizabeth Holt
Robert C. Pickren
Assistant United States Attorneys
**United States Attorney, Northern District of Alabama**
1801 Fourth Ave. N.
Birmingham, Alabama 35203

*/s/ James M. Wooten*_____