No. 22-13270

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

—————————————

ALFREIDA HOGAN,

Plaintiff-Appellant,

v.

SECRETARY, U.S. DEPARTMENT OF VETERANS AFFAIRS,

Defendant-Appellee.

—————————————

On Appeal from the United States District Court
for the Northern District of Alabama

—————————————

**BRIEF FOR APPELLEE**

—————————————

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney
  General*

PRIM F. ESCALONA
  *United States Attorney*

CHARLES W. SCARBOROUGH
BENJAMIN M. SHULTZ
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7211*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-3518*
  *Benjamin.Shultz@usdoj.gov*

*Hogan v. Secretary, U.S. Department of Veterans Affairs, No. 22-13270*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, I certify that the Certificate of Interested Persons contained in the Appellant's Opening brief is complete, other than the following additions:

**Billingsley, Michael B.** (U.S. Dept. of Justice)

**Blutter, Sarah C.** (U.S. Dept. of Justice)

**Boynton, Brian M.** (U.S. Dept. of Justice)

**Escalona, Prim F.** (U.S. Dept. of Justice)

**Hutsler, Kearney Dee** (Kearney Dee Hutsler, PC)

**McDonough, Denis R.** (Secretary, U.S. Dept. of Veterans Affairs)

**Scarborough, Charles W.** (U.S. Dept. of Justice)

**Shultz, Benjamin M.** (U.S. Dept. of Justice)

As far as the undersigned counsel is aware, no publicly traded corporation has an interest in the outcome of this appeal.

Dated: September 29, 2023          s/ Benjamin M. Shultz
                                   Benjamin M. Shultz
                                   Attorney for Defendant-Appellee

## STATEMENT REGARDING ORAL ARGUMENT

The district court concluded that it was compelled to rule against plaintiff under existing circuit precedent, and plaintiff's opening brief on appeal does not dispute that conclusion. But the government believes that both plaintiff and the district court have misunderstood this Court's precedents, and this brief urges the Court to affirm the judgment below solely on an alternative ground. Thus, although the government believes that affirmance on that alternative ground will require only the straightforward application of settled law to existing facts, the government believes oral argument is warranted in light of this case's unusual posture.

# TABLE OF CONTENTS

**<u>Page</u>**

STATEMENT OF JURISDICTION ................................................................. 1

STATEMENT OF THE ISSUE ...................................................................... 1

STATEMENT OF THE CASE ......................................................................... 2

    A.    Statutory Background ................................................................ 2

    B.    Factual Background ................................................................... 4

    C.    Prior Proceedings ..................................................................... 6

    D.    Standard of Review .................................................................. 7

SUMMARY OF ARGUMENT ....................................................................... 8

ARGUMENT ................................................................................................ 8

    Although The 15-Day Deadline Is Subject To Equitable Tolling, This Court Should Affirm The Judgment Because Plaintiff Does Not Qualify For Equitable Tolling ................................................................................ 8

    A.    *Crawford* Does Not Govern The Disposition Of Plaintiff's Main Discrimination Claim ............................................................. 10

    B.    This Court Should Nonetheless Affirm The Judgment Because Plaintiff Does Not Qualify For Equitable Tolling ..................... 13

CONCLUSION ........................................................................................... 17

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

ADDENDUM

# TABLE OF CITATIONS

**Cases:**                                                                                          **Page(s)**

*Baker v. Buckeye Cellulose Corp.*,
   856 F.2d 167 (11th Cir. 1988) ........................................................................ 16

*Crawford v. Babbit*,
   186 F.3d 1322 (11th Cir. 1999) ......................................................... 6, 7, 8, 12

*Engle Cases, In re*,
   767 F.3d 1082 (11th Cir. 2014) ...................................................................... 17

*Fort Bend County v. Davis*,
   139 S. Ct. 1843 (2019) ...................................................................................... 7

*Grier v. Secretary of the Army*,
   799 F.2d 721 (11th Cir. 1986) ................................................................... 8, 11

*Hamer v. Neighborhood Hous. Servs. of Chi.*,
   138 S. Ct. 13 (2017) ....................................................................................... 10

*Hargett v. Valley Fed. Sav. Bank*,
   60 F.3d 754 (11th Cir. 1995) ......................................................................... 16

*Irwin v. Department of Veterans Affairs*,
   498 U.S. 89 (1990) ................................................................................... 14, 15

*Justice v. United States*,
   6 F.3d 1474 (11th Cir. 1993) ......................................................................... 13

*Kernel Records Oy v. Mosley*,
   694 F.3d 1294 (11th Cir. 2012) ...................................................................... 13

*Menominee Indian Tribe of Wis. v. United States*,
   577 U.S. 250 (2016) ........................................................................................ 13

*Ramirez v. Secretary, U.S. Dep't of Transp.*,
   686 F.3d 1239 (11th Cir. 2012) ...................................................................... 11

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
   549 U.S. 422 (2007) ........................................................................................ 17

*Stamper v. Duval Cty. Sch. Bd.*,
   863 F.3d 1336 (11th Cir. 2017) .......................................................................7

*United States v. Wong,*
   575 U.S. 402 (2015) ................................................................. 10

*Villarreal v. R.J. Reynolds Tobacco Co.,*
   839 F.3d 958 (11th Cir. 2016) ............................................... 13

*Zipes v. Trans World Airlines,*
   455 U.S. 385 (1982) ................................................................11

**Statutes:**

28 U.S.C. § 1291 ...........................................................................1

42 U.S.C. § 2000e-5(f) ..................................................................1

42 U.S.C. § 2000e-16 .................................................................... 1

42 U.S.C. § 2000e-16(a) ............................................................... 2

42 U.S.C. § 2000e-16(b) .......................................................... 2, 10

42 U.S.C. § 2000e-16(c) ............................................................... 3

**Regulations:**

29 C.F.R. pt. 1614 .................................................................. 3, 11
   29 C.F.R. § 1614.105(a) (2022) ............................................. 2
   29 C.F.R. § 1614.105(b)-(c) (2022) ....................................... 2
   29 C.F.R. § 1614.105(d) (2022) .......................................... 2-3
   29 C.F.R. § 1614.106(b) (2022) ....................... 3, 8, 10, 12, 13
   29 C.F.R. § 1614.106(e) (2022) ....................................... 3, 14
   29 C.F.R. § 1614.106(e)-(g) (2022) ...................................... 14
   29 C.F.R. § 1614.107(a)(2) (2022) ........................................ 4
   29 C.F.R. § 1614.108(f) (2022) ............................................. 3
   29 C.F.R. § 1614.108(g) (2022) ............................................ 3
   29 C.F.R. § 1614.110(a) (2022) ............................................ 3
   29 C.F.R. § 1614.604(c) (2022) ............................... 3, 4, 8, 11
   29 C.F.R. § 1614.604(f) ......................................................... 2

**Other Authority:**

88 Fed. Reg. 57,879 (Aug. 24, 2023) ........................................ 2

## STATEMENT OF JURISDICTION

In this Title VII employment discrimination case against a federal agency, plaintiff invoked the district court's jurisdiction under, *inter alia*, 42 U.S.C. §§ 2000e-5(f) and 2000e-16. DE1 at 2.[1] Following briefing on the government's motion for summary judgment, the district court entered judgment for the government on August 2, 2022. DE38 at 1-5. Plaintiff timely filed a notice of appeal on September 27, 2022. DE39. This Court has appellate jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

A former federal employee is challenging her demotion under Title VII. Under the applicable 15-day deadline, plaintiff's formal administrative complaint was due to her employing agency no later than July 25, 2019. But plaintiff filed more than eight months late, attributing the delay to counsel's mistaken belief that the complaint had been emailed by the due date. The question presented is whether plaintiff is entitled to equitable tolling of the limitations period where her counsel waited more than eight months before making any inquiries with the agency about why counsel had not received the acknowledgment of his supposed filing required under the regulations.

---

[1] References to the district court's numbered docket entries are abbreviated "DE[#] at [page(s)].

## STATEMENT OF THE CASE

### A.    Statutory Background

Title VII prohibits, among other things, various forms of employment discrimination by federal agencies.  42 U.S.C. § 2000e-16(a).  The statute further empowers the Equal Employment Opportunity Commission (EEOC) to enforce that prohibition "through appropriate remedies," as well as to "issue such rules, regulations, orders, and instructions" EEOC deems necessary to carry out Title VII for federal employees, including rules dealing with administrative complaints of discrimination.  *Id.* § 2000e-16(b).

Under EEOC's rules, an aggrieved federal employee must first bring his concerns to a designated agency counselor within 45 days of suffering an adverse employment action.  *See* 29 C.F.R. § 1614.105(a) (2022).[2]  The agency and the employee can then pursue informal attempts at resolution.  *See id.* § 1614.105(b)-(c).  If those efforts are unsuccessful, the agency issues a written notice explaining that if the employee wishes to pursue the matter further, the employee has the right to submit a formal discrimination complaint to the agency within 15 days.  *Id.*

---

[2] Effective August 24, 2023, EEOC amended three of regulations cited in this brief—the regulations codified at 29 C.F.R. §§ 1614.108, 1614.110, and 1614.604.  *See* 88 Fed. Reg. 57879 (Aug. 24, 2023).  To avoid confusion, all C.F.R. cites in this brief are to the 2022 edition of the Code of Federal Regulations, which contains the versions of the relevant EEOC regulations that were in effect throughout the time plaintiff's administrative proceedings were pending.  We note that due to EEOC's August 2023 amendments, the provision previously codified at 29 C.F.R. § 1614.604(c) was moved to 29 C.F.R. § 1614.604(f), without any change in wording.

§ 1614.105(d).  Under the terms of 29 C.F.R. § 1614.106(b) (2022), that formal

complaint "must be filed within 15 days" after the complainant receives the required

notice.  A separate EEOC regulation adds that this 15-day limit, like all other time

limits within 29 C.F.R. Part 1614, is "subject to waiver, estoppel and equitable

tolling."  *Id.* § 1614.604(c).

Once the formal complaint is filed, the agency is required to "acknowledge

receipt . . . in writing and inform the complainant of the date on which the complaint

. . . was filed."  29 C.F.R. § 1614.106(e) (2022).  Ordinarily, the agency must then

investigate the complaint and notify the complainant of the results within 180 days,

unless the agency and complainant agree to an extension.  *See id.* § 1614.108(f).  If the

agency is unable to complete its investigation before that deadline, it must still notify

the complainant of that inability within the 180-day timeline.  *Id.* § 1614.108(g).  The

agency's administrative process culminates with a final agency decision, potentially

after a hearing, after which the complainant may file a civil action in federal court.  *See*

*id.* § 1614.110(a); *see also* 42 U.S.C. § 2000e-16(c) (setting a 90-day period for

employees to file a civil action against their employing agency if they are unhappy with

the final administrative decision).

In some circumstances, agencies can dismiss formal complaints before a

hearing and/or investigation.  One of these is if the agency concludes the complainant

failed to comply with the 15-day time limit for filing a formal complaint, and the

agency has not "extend[ed] the time limits in accordance with" the EEOC regulation

acknowledging that this time limit is subject to waiver, estoppel, and equitable tolling. *See* 29 C.F.R. § 1614.107(a)(2) (2022) (citing 29 C.F.R. § 1614.604(c) (2022)).

**B.    Factual Background**

Plaintiff Alfreida Hogan was employed by the Department of Veterans Affairs (VA) as a Nurse Practitioner until March 2019, when she was demoted to Staff Nurse. DE1 at 2; DE34 at 3.  In April 2019, she informally complained to an agency counselor about this demotion and contended that it was illegal race discrimination. DE34-5 at 8.  By letter dated July 3, 2019, VA informed plaintiff and her counsel that the agency had ended its informal efforts at resolution, and thus plaintiff had 15 days to file a formal complaint with VA if she wanted to continue pursuing her claim. DE34-8 at 4-9.  Plaintiff concedes that she and her counsel received that communication no later than July 10, 2019.  *See* DE28-3 at 16-17; DE34 at 4.  Her deadline to file a formal complaint was thus no later than July 25, 2019.

Plaintiff's then-counsel has asserted that on July 19, 2019, he emailed plaintiff's formal complaint to the VA at the email address specified in VA's letter.  DE34-10 at 3.  VA, however, has no record that any such email was sent to it.  DE28-1 at 1-3; DE28-2 at 1-2.  VA also never acknowledged receipt of this purported complaint, nor did it issue any of the notices, decisions, or communications to plaintiff's counsel that would have been triggered by such a complaint between July 19, 2019, and April 15, 2020.  DE28-1 at 2; *see also* DE34-8 at 2 (acknowledging that plaintiff's counsel had

received "no response" to the purported July 2019 formal complaint during this period); DE34 at 5-6.

Despite hearing nothing from VA for this extended period, plaintiff's counsel did not follow up with VA until he phoned the agency on April 16, 2020, more than eight months after the complaint was purportedly filed.  DE34 at 6.  Counsel learned from that call that VA had no record of the purported earlier complaint, and the next day (April 17, 2020) he emailed a formal complaint to VA.  DE34-8 at 1-19.  Along with the complaint, he submitted a sworn statement claiming that he had filed the complaint by email on July 19, 2019, but also acknowledging that he could not actually locate a copy of that email.  DE34-8 at 2-3.

In a written decision issued on May 28, 2020, VA denied the formal complaint as untimely.  DE1-1 at 5.  The agency explained that it had searched the agency's records for the relevant VA email account and found no evidence that it had ever received an email from plaintiff's counsel on either July 19, 2019, or on any date in July 2019.  DE1-1 at 4.  The agency also noted that plaintiff's counsel (who used a gmail address, *see* DE1-1 at 4) had been able to produce other copies of emails he sent during July 2019, and so the agency found it particularly telling that counsel acknowledged he could not produce a copy of his purported July 19, 2019, email to VA.  DE1-1 at 4.  The agency accordingly concluded that plaintiff never filed a formal complaint of discrimination until April 17, 2020, which was more than eight months past the relevant deadline.  *See* DE1-1 at 2.

5

The agency's decision further noted that VA was declining to extend the time limit because counsel had failed to exercise due diligence. If counsel had truly filed the complaint with VA on the date he claimed, one would have expected him to follow up within a few months (and certainly by the deadline for an agency decision) after hearing nothing from VA. Instead, he waited until 273 days after filing the complaint before following up with VA. DE1-1 at 4.

### C.    Prior Proceedings

Plaintiff thereafter filed a Title VII action in the Northern District of Alabama, asserting primarily that her demotion resulted from race discrimination. DE1 at 11. She also alleged that after she left VA following her demotion, the agency retaliated against her for making her administrative complaint by making a negative report about her to the state nursing board. DE1 at 12-13.

At the district court's direction, *see* 8/17/2021 Minute Entry, the government moved for summary judgment based on the untimely administrative complaint, *see* DE28. The government's briefing invoked *Crawford v. Babbitt*, 186 F.3d 1322 (11th Cir. 1999), for the proposition that exhaustion is jurisdictional in a federal-sector Title VII case, which the government contended rendered equitable tolling unavailable and meant that plaintiff's failure to timely exhaust her remedies entitled the government to judgment. *See* DE28 at 8-10. Alternatively, the government argued that plaintiff did not qualify for equitable tolling because her counsel had not been sufficiently diligent in pursuing her rights. *See* DE28 at 13, 15-16 & n.4; DE35 at 5-9.

6

The district court ruled for the government. The court found that plaintiff had not met her burden of establishing that her counsel had actually emailed the complaint to VA on July 19, 2019, and thus found that plaintiff had not exhausted her administrative remedies. DE38 at 4-5. The court also held that, under *Crawford*, this failure meant that the court lacked jurisdiction over the complaint. DE38 at 2, 4-5. The court questioned whether exhaustion was truly jurisdictional in federal-sector Title VII cases, citing the Supreme Court's conclusion in *Fort Bend County v. Davis*, 139 S. Ct. 1843 (2019), that exhaustion was not jurisdictional in private-sector Title VII cases. DE38 at 3-4. But the district court considered itself bound by *Crawford*. DE38 at 3-4. Plaintiff appealed.[3]

### D.    Standard of Review

This Court reviews a grant of summary judgment *de novo*. *Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1336, 1339 (11th Cir. 2017).

---

[3] In addition to filing her opening brief in this Court, plaintiff also filed a petition for initial hearing *en banc* in which she asked this Court to convene *en banc* to overrule *Crawford v. Babbitt*, 186 F.3d 1322 (11th Cir. 1999), and apply *Fort Bend County v. Davis*, 139 S. Ct. 1843 (2019), to federal-sector claims. Pet. 8. This Court ordered the government to respond, and the government did so. That response explained that the district court had erred in relying on *Crawford*, but also explained that there was no need for initial hearing *en banc* because the government's panel stage response brief would urge affirmance on the alternate ground that plaintiff would not qualify for equitable tolling even if it were theoretically available for the missed deadline at issue here. This Court then denied the petition for initial hearing *en banc*, without any member of this Court requesting a poll.

## SUMMARY OF ARGUMENT

On appeal, plaintiff does not challenge the district court's conclusion that she failed to timely file her formal administrative complaint. Indeed, before this panel, plaintiff does not challenge the district court's decision *at all*. Her brief instead readily admits that this Court should rule against her, and it makes clear that her sole purpose in pursuing appellate review is to persuade this Court to convene *en banc* so that it can overrule *Crawford v. Babbitt*, 186 F.3d 1322 (11th Cir. 1999). The government agrees with plaintiff that the judgment should be affirmed at the panel stage. But it disagrees about the proper path.

Contrary to how the district court viewed this case, the disposition of plaintiff's main discrimination claim is not governed by *Crawford*. The 15-day administrative deadline at issue is created solely by an EEOC regulation, *see* 29 C.F.R. § 1614.106(b) (2022), and EEOC's regulations expressly make this deadline "subject to . . . equitable tolling," *id.* § 1614.604(c). *Crawford* does not require this Court to hold otherwise, as that case's discussion of administrative exhaustion concerned a federal employee who had failed to meaningfully advance a particular claim during agency proceedings, as distinguished from an employee (like plaintiff) who *had* exhausted but simply did so in an untimely manner. And this Court's existing case law recognizes precisely that distinction. *See Grier v. Secretary of the Army*, 799 F.2d 721 (11th Cir. 1986).

While this Court should not rely on *Crawford*, the Court should nonetheless affirm the judgment because plaintiff does not qualify for equitable tolling. Plaintiff

8

bore the burden of proof to establish the necessary facts for tolling, and one of the things she was required to show was that she had exercised sufficient diligence in meeting the 15-day deadline. Yet even though her counsel claims he thought he had filed the complaint in July 2019, he waited more than eight additional months before following up with VA after hearing nothing from the agency about the purportedly-filed complaint. Particularly in light of the communications that VA was required to send if the complaint had truly been filed as counsel believed, this eight-month delay conclusively shows that plaintiff cannot qualify for equitable tolling because her counsel did not exercise the necessary diligence.

## ARGUMENT

### Although The 15-Day Deadline Is Subject To Equitable Tolling, This Court Should Affirm The Judgment Because Plaintiff Does Not Qualify For Equitable Tolling

In ruling for the government, the district court concluded that plaintiff had not timely filed her formal administrative complaint. The district court then relied on this Court's decision in *Crawford* to conclude that plaintiff's case was jurisdictionally barred, and so the district court had no need to consider whether plaintiff would qualify for equitable tolling. *See generally* DE38. Plaintiff, for her part, does not challenge these key district court holdings on appeal. *See generally* Opening Br. Indeed, her brief readily concedes that under current law she must lose before a panel of this Court, as "the District Court was bound to grant" the government's request for judgment because *Crawford* is "binding precedent." Br. 11. The sole purpose of

9

her appeal is to eventually persuade this Court to convene *en banc* so that it can overrule *Crawford*. Br. 11.

The government agrees with plaintiff that, at the panel stage, this Court should affirm the district court's judgment. But it need not—and should not—do so by relying on *Crawford*. Instead, the Court should affirm on the straightforward ground that plaintiff has not established that she is entitled to equitable tolling.

### A.    *Crawford* Does Not Govern The Disposition Of Plaintiff's Main Discrimination Claim

Although the government relied on *Crawford* at earlier stages in this case, after further looking into the matter the government now agrees that the 15-day deadline in 29 C.F.R. § 1614.106(b) (2022) is not jurisdictional and is subject to equitable tolling.

Ordinarily, and absent a clear statement from Congress, time prescriptions are not jurisdictional unless they involve "the timebound transfer of adjudicatory authority from one Article III court to another." *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 20 n.9 (2017); *see also United States v. Wong*, 575 U.S. 402, 420 (2015) (requiring at least an "affirmative indication from Congress" that equitable tolling for a filing was not available in a suit against the government). Title VII is silent with respect to the time for aggrieved federal employees to file administrative complaints, and the statute instead directs EEOC to issue rules and regulations governing those complaints. *See* 42 U.S.C. § 2000e-16(b). Those EEOC regulations expressly state that the 15-day time limit for filing a formal administrative complaint, like all other

10

time limits within 29 C.F.R. Part 1614, is "subject to waiver, estoppel, and equitable tolling." 29 C.F.R. § 1614.604(c) (2022). Thus, the 15-day limit is subject to equitable tolling.

That conclusion accords with existing Circuit precedent. In *Grier v. Secretary of the Army*, 799 F.2d 721 (11th Cir. 1986), this Court examined a Title VII suit brought by a federal employee who had never attempted to exhaust her administrative remedies. In rejecting the plaintiff's attempt to excuse that failure based on equitable considerations, the Court drew an express contrast between a plaintiff's complete failure to exhaust and a hypothetical case where a plaintiff did file an administrative complaint but did so late. *Id.* at 724. The Court explained that while equitable considerations were not relevant in the former situation, they were "relevant to whether the timeliness requirement for [filing an administrative complaint] should be subject to equitable tolling" because that "timeliness requirement does not erect a jurisdictional prerequisite to suit." *Id.* (citing *Zipes v. Trans World Airlines*, 455 U.S. 385 (1982), which had held that untimely administrative exhaustion was a non-jurisdictional defect in private-sector Title VII cases). The Court then reversed the district court's dismissal with prejudice, explaining that dismissal should instead be without prejudice so the plaintiff could have an opportunity to file an untimely administrative complaint and argue for equitable tolling. *See id.* at 724-25. *Accord Ramirez v. Secretary, U.S. Dep't of Transp.*, 686 F.3d 1239, 1243 (11th Cir. 2012)

(describing EEOC's 45-day deadline to initiate informal contact with a counselor as "not jurisdictional").

*Grier* thus indicates, consistent with the EEOC's regulations, that the 15-day deadline to file a formal complaint is not jurisdictional and is subject to equitable tolling. And *Crawford v. Babbit*, 186 F.3d 1322 (11th Cir. 1999), is not to the contrary. In *Crawford*, this Court discussed the general requirement that federal employees exhaust administrative remedies before bringing a Title VII case, and the Court described that requirement as "jurisdictional." 186 F.3d at 1326. But *Crawford* did not specifically address the 15-day deadline, and it concerned a federal employee who had failed to meaningfully advance a particular claim during agency proceedings, not an employee who *had* exhausted but simply did so in an untimely manner. *See id.* at 1326-27. In this case, by contrast, plaintiff did eventually file a formal administrative complaint regarding her demotion—she simply did so well past the 15-day deadline. *Crawford* is thus plainly distinguishable on the same basis set out in *Grier*: *Crawford* involved a complete failure to exhaust rather than untimely exhaustion.

The government sincerely regrets that it did not appreciate this distinction when filing its district court pleadings. But having now had the opportunity to consider the issue in greater depth on appeal, the government acknowledges that the 15-day deadline in 29 C.F.R. § 1614.106(b) (2022) is not jurisdictional and is subject to equitable tolling in appropriate circumstances.

**B.    This Court Should Nonetheless Affirm The Judgment Because Plaintiff Does Not Qualify For Equitable Tolling**

1.  Although the 15-day deadline in 29 C.F.R. § 1614.106(b) (2022) is subject to equitable tolling, this Court should nonetheless affirm the judgment because plaintiff does not qualify for tolling.  The government made this argument in district court.  *See* DE28 at 13, 15-16 & n.4; DE35 at 5-9.  And this Court may affirm "on any ground supported by the record, regardless of whether that ground was . . . considered by the district court."  *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

When a plaintiff seeks to have a deadline equitably tolled, the plaintiff must establish both that (1) she had been diligently pursuing her rights, and (2) some extraordinary circumstance stood in her way and prevented timely filing.  *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016); *see also Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc).  The plaintiff bears the burden of establishing that equitable tolling applies.  *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993).

Plaintiff failed to satisfy that burden because she failed to establish that she acted with the requisite diligence.  It is undisputed that no later than July 10, 2019, both plaintiff and her counsel received the agency's written notice that attempts at informal resolution had ended.  *See* DE28-3 at 16-17; DE34 at 4.  That written notice clearly set out the 15-day deadline for filing a formal complaint, *see* DE28-3 at 12-13, 14, and there is no dispute that both plaintiff and her counsel were aware of that

deadline. Plaintiff's claim for equitable tolling thus turns solely on her counsel's apparent belief that he timely emailed the formal complaint on July 19, 2019.

Counsel's mistaken belief cannot justify the extraordinary delay here. Under the governing regulations, if plaintiff's formal administrative complaint had in fact been filed on July 19, 2019, VA would have been required to soon thereafter "acknowledge receipt . . . in writing and inform the complainant of the date on which the complaint . . . was filed." 29 C.F.R. § 1614.106(e) (2022). *Accord* DE28-3 (VA's written acknowledgement of its receipt of plaintiff's April 17, 2020 complaint, which was dated only three days later). Moreover, within 180 days of the July 19, 2019, purported filing date (i.e., by January 15, 2020), VA would have been required to either provide the results of its investigation, or otherwise inform the plaintiff in writing that it needed additional time. *See* 29 C.F.R. § 1614.106(e)-(g) (2022). Yet despite hearing nothing from the agency for this extended period, plaintiff's counsel never followed up with VA until April 16, 2020, more than eight months after her complaint was due. *See* DE34 at 6. At an absolute minimum, this was three months beyond the date when it should have been obvious to counsel (and to plaintiff herself) that something was amiss. Plaintiff was thus insufficiently diligent and cannot qualify for equitable tolling. *See also Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 91, 96 (1990) (holding equitable tolling unavailable when deadline was missed due to a "garden variety claim of excusable neglect" by plaintiff's attorney, who said he was

out of the office when the relevant notice arrived, and who then filed within 30 days of when he claimed to have received personal notice).

Tellingly, even as she argued for equitable tolling in the district court, plaintiff did not actually attempt to establish diligence.  Instead, her tolling argument amounted to 1) insistence that her counsel *had* emailed the complaint to VA in July 2019, and 2) an assertion that her informal complaint to the agency counselor had already put VA on notice of her discrimination claim.  *See* DE34 at 17-21.  In this Court, plaintiff has abandoned the first argument, as she has declined to challenge the district court's conclusion that she "has not established that" the formal "complaint was emailed to the VA on July 19, 2019."  DE38 at 4.  And plaintiff's second argument cannot succeed because it does not speak to her diligence in meeting the deadline at issue—which here was the deadline to file a formal administrative complaint.  Indeed, in *Irwin* there was no dispute that the claims that plaintiff sought tolling for were ones that had previously been presented to the agency, yet the Supreme Court concluded that tolling was unavailable due to the plaintiff's subsequent lack of diligence in pursuing the next step to keep her claims alive.  *See Irwin*, 498 U.S. at 90-91, 96.

2.  Plaintiff's lack of diligence is fatal not only for her main discrimination claim, but also for the separate retaliation claim that plaintiff included in her federal court complaint but did not separately present to VA in the formal administrative complaint that she eventually filed.  Indeed, the district court appears to have

15

understood that the retaliation claim would be considered unexhausted if the main discrimination claim was not timely exhausted. *See generally* DE38. To the extent plaintiff has not completely abandoned her retaliation claim by failing to advance any independent arguments with respect to that claim in her opening brief, she has certainly not challenged the district court's treatment of the two claims as linked for exhaustion purposes. *Cf. Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 168-69 (11th Cir. 1988) (concluding in a private-sector Title VII case that, at least in some circumstances, plaintiffs need not file a separate EEOC charge about retaliation over an initial discrimination charge that was exhausted, when litigating both in the same district court case); *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 761-62 (11th Cir. 1995) (concluding that this exception for retaliation claims is inapplicable when the EEOC charge regarding the original discrimination claim was untimely). Thus, since plaintiff has not presented this Court with any reason why the retaliation claim could be considered exhausted if the main discrimination claim were not equitably tolled, plaintiff's lack of diligence pursuing the original discrimination claim is fatal to both that claim and her retaliation claim.

It therefore makes no difference that plaintiff's failure to exhaust the retaliation claim could be understood as jurisdictional under *Crawford*. Courts must assure themselves of jurisdiction before resolving a claim on the merits. But they may "choose among threshold grounds in denying audience to a case on the merits," including by "bypassing questions of subject-matter and personal jurisdiction" to

16

dismiss a claim on other threshold, procedural grounds, that do not implicate the underlying merits. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431-32 (2007) (internal quotation marks omitted); *see also In re Engle Cases*, 767 F.3d 1082, 1108 n.30 (11th Cir. 2014). This Court may thus affirm the judgment on timeliness/exhaustion grounds, without considering whether plaintiff's failure to separately exhaust her retaliation claim rises to the level of a jurisdictional defect.

## CONCLUSION

For the foregoing reasons, the judgment of the district court should be affirmed.

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney*
    *General*

PRIM F. ESCALONA
  *United States Attorney*

CHARLES W. SCARBOROUGH
  *s/ Benjamin M. Shultz*
BENJAMIN M. SHULTZ
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7211*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-3518*
  *Benjamin.Shultz@usdoj.gov*

September 2023

17

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 4,254 words.  This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*s/ Benjamin M. Shultz*
Benjamin M. Shultz

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2023, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system.


*s/ Benjamin M. Shultz*
Benjamin M. Shultz

**ADDENDUM**

## TABLE OF CONTENTS

42 U.S.C. § 2000e-16.................................................................................A1

29 C.F.R. § 1614.105 (2022)....................................................................A4

29 C.F.R. § 1614.106 (2022)....................................................................A6

29 C.F.R. § 1614.107 (2022)....................................................................A7

29 C.F.R. § 1614.108 (2022)....................................................................A9

29 C.F.R. § 1614.110 (2022)................................................................. A12

29 C.F.R. § 1614.604 (2022)................................................................. A13

**42 U.S.C. § 2000e-16**

**§ 2000e-16. Employment by Federal Government**

(a) Discriminatory practices prohibited; employees or applicants for employment subject to coverage

All personnel actions affecting employees or applicants for employment (except with regard to aliens employed outside the limits of the United States) in military departments as defined in section 102 of Title 5, in executive agencies as defined in section 105 of Title 5 (including employees and applicants for employment who are paid from nonappropriated funds), in the United States Postal Service and the Postal Regulatory Commission, in those units of the Government of the District of Columbia having positions in the competitive service, and in those units of the judicial branch of the Federal Government having positions in the competitive service, in the Smithsonian Institution, and in the Government Publishing Office, the Government Accountability Office, and the Library of Congress shall be made free from any discrimination based on race, color, religion, sex, or national origin.

(b) Equal Employment Opportunity Commission; enforcement powers; issuance of rules, regulations, etc.; annual review and approval of national and regional equal employment opportunity plans; review and evaluation of equal employment opportunity programs and publication of progress reports; consultations with interested parties; compliance with rules, regulations, etc.; contents of national and regional equal employment opportunity plans; authority of Librarian of Congress

Except as otherwise provided in this subsection, the Equal Employment Opportunity Commission shall have authority to enforce the provisions of subsection (a) through appropriate remedies, including reinstatement or hiring of employees with or without back pay, as will effectuate the policies of this section, and shall issue such rules, regulations, orders and instructions as it deems necessary and appropriate to carry out its responsibilities under this section. The Equal Employment Opportunity Commission shall--

(1) be responsible for the annual review and approval of a national and regional equal employment opportunity plan which each department and agency and each appropriate unit referred to in subsection (a) of this section shall submit in order to maintain an affirmative program of equal employment opportunity for all such employees and applicants for employment;

(2) be responsible for the review and evaluation of the operation of all agency equal employment opportunity programs, periodically obtaining and publishing (on at least a semiannual basis) progress reports from each such department, agency, or unit; and

(3) consult with and solicit the recommendations of interested individuals, groups, and organizations relating to equal employment opportunity.

The head of each such department, agency, or unit shall comply with such rules, regulations, orders, and instructions which shall include a provision that an employee or applicant for employment shall be notified of any final action taken on any complaint of discrimination filed by him thereunder. The plan submitted by each department, agency, and unit shall include, but not be limited to--

(1) provision for the establishment of training and education programs designed to provide a maximum opportunity for employees to advance so as to perform at their highest potential; and

(2) a description of the qualifications in terms of training and experience relating to equal employment opportunity for the principal and operating officials of each such department, agency, or unit responsible for carrying out the equal employment opportunity program and of the allocation of personnel and resources proposed by such department, agency, or unit to carry out its equal employment opportunity program.

With respect to employment in the Library of Congress, authorities granted in this subsection to the Equal Employment Opportunity Commission shall be exercised by the Librarian of Congress.

(c) Civil action by employee or applicant for employment for redress of grievances; time for bringing of action; head of department, agency, or unit as defendant

Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a), or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

(d) Section 2000e-5(f) through (k) of this title applicable to civil actions

The provisions of section 2000e-5(f) through (k) of this title, as applicable, shall govern civil actions brought hereunder, and the same interest to compensate for delay in payment shall be available as in cases involving nonpublic parties..1

(e) Government agency or official not relieved of responsibility to assure nondiscrimination in employment or equal employment opportunity

Nothing contained in this Act shall relieve any Government agency or official of its or his primary responsibility to assure nondiscrimination in employment as required by the Constitution and statutes or of its or his responsibilities under Executive Order 11478 relating to equal employment opportunity in the Federal Government.

(f) Section 2000e-5(e)(3) of this title applicable to compensation discrimination

Section 2000e-5(e)(3) of this title shall apply to complaints of discrimination in compensation under this section.

**29 C.F.R. § 1614.105 (2022)**

**§ 1614.105. Pre-complaint processing.**

(a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.

   (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

   (2) The agency or the Commission shall extend the 45–day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

(b)(1) At the initial counseling session, Counselors must advise individuals in writing of their rights and responsibilities, including the right to request a hearing or an immediate final decision after an investigation by the agency in accordance with § 1614.108(f), election rights pursuant to §§ 1614.301 and 1614.302, the right to file a notice of intent to sue pursuant to § 1614.201(a) and a lawsuit under the ADEA instead of an administrative complaint of age discrimination under this part, the duty to mitigate damages, administrative and court time frames, and that only the claims raised in precomplaint counseling (or issues or claims like or related to issues or claims raised in pre-complaint counseling) may be alleged in a subsequent complaint filed with the agency. Counselors must advise individuals of their duty to keep the agency and Commission informed of their current address and to serve copies of appeal papers on the agency. The notice required by paragraphs (d) or (e) of this section shall include a notice of the right to file a class complaint. If the aggrieved person informs the Counselor that he or she wishes to file a class complaint, the Counselor shall explain the class complaint procedures and the responsibilities of a class agent.

   (2) Counselors shall advise aggrieved persons that, where the agency agrees to offer ADR in the particular case, they may choose between participation in the alternative dispute resolution program and the counseling activities provided for in paragraph (c) of this section.

(c) Counselors shall conduct counseling activities in accordance with instructions contained in Commission Management Directives. When advised that a complaint has been filed by an aggrieved person, the Counselor shall submit a written report within 15 days to the agency office that has been designated to accept complaints and the aggrieved person concerning the issues discussed and actions taken during counseling.

(d) Unless the aggrieved person agrees to a longer counseling period under paragraph (e) of this section, or the aggrieved person chooses an alternative dispute resolution procedure in accordance with paragraph (b)(2) of this section, the Counselor shall conduct the final interview with the aggrieved person within 30 days of the date the aggrieved person contacted the agency's EEO office to request counseling. If the matter has not been resolved, the aggrieved person shall be informed in writing by the Counselor, not later than the thirtieth day after contacting the Counselor, of the right to file a discrimination complaint. The notice shall inform the complainant of the right to file a discrimination complaint within 15 days of receipt of the notice, of the appropriate official with whom to file a complaint and of the complainant's duty to assure that the agency is informed immediately if the complainant retains counsel or a representative.

(e) Prior to the end of the 30–day period, the aggrieved person may agree in writing with the agency to postpone the final interview and extend the counseling period for an additional period of no more than 60 days. If the matter has not been resolved before the conclusion of the agreed extension, the notice described in paragraph (d) of this section shall be issued.

(f) Where the aggrieved person chooses to participate in an alternative dispute resolution procedure in accordance with paragraph (b)(2) of this section, the pre-complaint processing period shall be 90 days. If the claim has not been resolved before the 90th day, the notice described in paragraph (d) of this section shall be issued.

(g) The Counselor shall not attempt in any way to restrain the aggrieved person from filing a complaint. The Counselor shall not reveal the identity of an aggrieved person who consulted the Counselor, except when authorized to do so by the aggrieved person, or until the agency has received a discrimination complaint under this part from that person involving that same matter.

**29 C.F.R. § 1614.106 (2022)**

**§ 1614.106. Individual complaints.**

(a) A complaint must be filed with the agency that allegedly discriminated against the complainant.

(b) A complaint must be filed within 15 days of receipt of the notice required by § 1614.105 (d), (e) or (f).

(c) A complaint must contain a signed statement from the person claiming to be aggrieved or that person's attorney. This statement must be sufficiently precise to identify the aggrieved individual and the agency and to describe generally the action(s) or practice(s) that form the basis of the complaint. The complaint must also contain a telephone number and address where the complainant or the representative can be contacted.

(d) A complainant may amend a complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in the complaint. After requesting a hearing, a complainant may file a motion with the administrative judge to amend a complaint to include issues or claims like or related to those raised in the complaint.

(e) The agency shall acknowledge receipt of a complaint or an amendment to a complaint in writing and inform the complainant of the date on which the complaint or amendment was filed. The agency shall advise the complainant in the acknowledgment of the EEOC office and its address where a request for a hearing shall be sent. Such acknowledgment shall also advise the complainant that:

(1) The complainant has the right to appeal the final action on or dismissal of a complaint; and

(2) The agency is required to conduct an impartial and appropriate investigation of the complaint within 180 days of the filing of the complaint unless the parties agree in writing to extend the time period. When a complaint has been amended, the agency shall complete its investigation within the earlier of 180 days after the last amendment to the complaint or 360 days after the filing of the original complaint, except that the complainant may request a hearing from an administrative judge on the consolidated complaints any time after 180 days from the date of the first filed complaint.

**29 C.F.R. § 1614.107 (2022)**

**§ 1614.106. Dismissals of complaints.**

(a) Prior to a request for a hearing in a case, the agency shall dismiss an entire complaint:

(1) That fails to state a claim under § 1614.103 or § 1614.106(a) or states the same claim that is pending before or has been decided by the agency or Commission;

(2) That fails to comply with the applicable time limits contained in §§ 1614.105, 1614.106 and 1614.204(c), unless the agency extends the time limits in accordance with § 1614.604(c), or that raises a matter that has not been brought to the attention of a Counselor and is not like or related to a matter that has been brought to the attention of a Counselor;

(3) That is the basis of a pending civil action in a United States District Court in which the complainant is a party provided that at least 180 days have passed since the filing of the administrative complaint, or that was the basis of a civil action decided by a United States District Court in which the complainant was a party;

(4) Where the complainant has raised the matter in a negotiated grievance procedure that permits allegations of discrimination or in an appeal to the Merit Systems Protection Board and § 1614.301 or § 1614.302 indicates that the complainant has elected to pursue the non-EEO process;

(5) That is moot or alleges that a proposal to take a personnel action, or other preliminary step to taking a personnel action, is discriminatory, unless the complaint alleges that the proposal or preliminary step is retaliatory;

(6) Where the complainant cannot be located, provided that reasonable efforts have been made to locate the complainant and the complainant has not responded within 15 days to a notice of proposed dismissal sent to his or her last known address;

(7) Where the agency has provided the complainant with a written request to provide relevant information or otherwise proceed with the complaint, and the complainant has failed to respond to the request within 15 days of its receipt or the complainant's response does not address the agency's request, provided that the request included a notice of the proposed dismissal. Instead of dismissing for failure to cooperate, the complaint may be adjudicated if sufficient information for that purpose is available;

(8) That alleges dissatisfaction with the processing of a previously filed complaint; or

(9) Where the agency, strictly applying the criteria set forth in Commission decisions, finds that the complaint is part of a clear pattern of misuse of the EEO process for a purpose other than the prevention and elimination of employment discrimination. A clear pattern of misuse of the EEO process requires:

(i) Evidence of multiple complaint filings; and

(ii) Allegations that are similar or identical, lack specificity or involve matters previously resolved; or

(iii) Evidence of circumventing other administrative processes, retaliating against the agency's in-house administrative processes or overburdening the EEO complaint system.

(b) Where the agency believes that some but not all of the claims in a complaint should be dismissed for the reasons contained in paragraphs (a)(1) through (9) of this section, the agency shall notify the complainant in writing of its determination, the rationale for that determination and that those claims will not be investigated, and shall place a copy of the notice in the investigative file. A determination under this paragraph is reviewable by an administrative judge if a hearing is requested on the remainder of the complaint, but is not appealable until final action is taken on the remainder of the complaint.

**29 C.F.R. § 1614.108 (2022)**

**§ 1614.108. Investigation of complaints.**

(a) The investigation of complaints shall be conducted by the agency against which the complaint has been filed.

(b) In accordance with instructions contained in Commission Management Directives, the agency shall develop an impartial and appropriate factual record upon which to make findings on the claims raised by the written complaint. An appropriate factual record is one that allows a reasonable fact finder to draw conclusions as to whether discrimination occurred. Agencies may use an exchange of letters or memoranda, interrogatories, investigations, fact-finding conferences or any other fact-finding methods that efficiently and thoroughly address the matters at issue. Agencies are encouraged to incorporate alternative dispute resolution techniques into their investigative efforts in order to promote early resolution of complaints.

(c) The procedures in paragraphs (c) (1) through (3) of this section apply to the investigation of complaints:

(1) The complainant, the agency, and any employee of a federal agency shall produce such documentary and testimonial evidence as the investigator deems necessary.

(2) Investigators are authorized to administer oaths. Statements of witnesses shall be made under oath or affirmation or, alternatively, by written statement under penalty of perjury.

(3) When the complainant, or the agency against which a complaint is filed, or its employees fail without good cause shown to respond fully and in timely fashion to requests for documents, records, comparative data, statistics, affidavits, or the attendance of witness(es), the investigator may note in the investigative record that the decisionmaker should, or the Commission on appeal may, in appropriate circumstances:

(i) Draw an adverse inference that the requested information, or the testimony of the requested witness, would have reflected unfavorably on the party refusing to provide the requested information;

(ii) Consider the matters to which the requested information or testimony pertains to be established in favor of the opposing party;

(iii) Exclude other evidence offered by the party failing to produce the requested information or witness;

(iv) Issue a decision fully or partially in favor of the opposing party; or

(v) Take such other actions as it deems appropriate.

(d) Any investigation will be conducted by investigators with appropriate security clearances. The Commission will, upon request, supply the agency with the name of an investigator with appropriate security clearances.

(e) The agency shall complete its investigation within 180 days of the date of filing of an individual complaint or within the time period contained in an order from the Office of Federal Operations on an appeal from a dismissal pursuant to § 1614.107. By written agreement within those time periods, the complainant and the respondent agency may voluntarily extend the time period for not more than an additional 90 days. The agency may unilaterally extend the time period or any period of extension for not more than 30 days where it must sanitize a complaint file that may contain information classified pursuant to Exec. Order No. 12356, or successor orders, as secret in the interest of national defense or foreign policy, provided the investigating agency notifies the parties of the extension.

(f) Within 180 days from the filing of the complaint, or where a complaint was amended, within the earlier of 180 days after the last amendment to the complaint or 360 days after the filing of the original complaint, within the time period contained in an order from the Office of Federal Operations on an appeal from a dismissal, or within any period of extension provided for in paragraph (e) of this section, the agency shall provide the complainant with a copy of the investigative file, and shall notify the complainant that, within 30 days of receipt of the investigative file, the complainant has the right to request a hearing and decision from an administrative judge or may request an immediate final decision pursuant to § 1614.110 from the agency with which the complaint was filed.

(g) If the agency does not send the notice required in paragraph (f) of this section within the applicable time limits, it shall, within those same time limits, issue a written notice to the complainant informing the complainant that it has been unable to complete its investigation within the time limits required by § 1614.108(f) and estimating a date by which the investigation will be completed. Further, the notice must explain that if the complainant does not want to wait until the agency completes the investigation, he or she may request a hearing in accordance with paragraph (h) of this section, or file a civil action in an appropriate United States District Court in accordance with § 1614.407(b). Such notice shall contain information about the hearing procedures.

(h) Where the complainant has received the notice required in paragraph (f) of this section or at any time after 180 days have elapsed from the filing of the complaint, the complainant may request a hearing by submitting a written request for a hearing directly to the EEOC office indicated in the agency's acknowledgment letter. The

A10

complainant shall send a copy of the request for a hearing to the agency EEO office. Within 15 days of receipt of the request for a hearing, the agency shall provide a copy of the complaint file to EEOC and, if not previously provided, to the complainant.

**29 C.F.R. § 1614.110 (2022)**

**§ 1614.110. Final action by agencies.**

(a) Final action by an agency following a decision by an administrative judge. When an administrative judge has issued a decision under § 1614.109(b), (g) or (i), the agency shall take final action on the complaint by issuing a final order within 40 days of receipt of the hearing file and the administrative judge's decision. The final order shall notify the complainant whether or not the agency will fully implement the decision of the administrative judge and shall contain notice of the complainant's right to appeal to the Equal Employment Opportunity Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for appeals and lawsuits. If the final order does not fully implement the decision of the administrative judge, then the agency shall simultaneously file an appeal in accordance with § 1614.403 and append a copy of the appeal to the final order. A copy of EEOC Form 573 shall be attached to the final order.

(b) Final action by an agency in all other circumstances. When an agency dismisses an entire complaint under § 1614.107, receives a request for an immediate final decision or does not receive a reply to the notice issued under § 1614.108(f), the agency shall take final action by issuing a final decision. The final decision shall consist of findings by the agency on the merits of each issue in the complaint, or, as appropriate, the rationale for dismissing any claims in the complaint and, when discrimination is found, appropriate remedies and relief in accordance with subpart E of this part. The agency shall issue the final decision within 60 days of receiving notification that a complainant has requested an immediate decision from the agency, or within 60 days of the end of the 30-day period for the complainant to request a hearing or an immediate final decision where the complainant has not requested either a hearing or a decision. The final action shall contain notice of the right to appeal the final action to the Equal Employment Opportunity Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for appeals and lawsuits. A copy of EEOC Form 573 shall be attached to the final action.

**29 C.F.R. § 1614.604 (2022)**

**§ 1614.604. Filing and computation of time.**

(a) All time periods in this part that are stated in terms of days are calendar days unless otherwise stated.

(b) A document shall be deemed timely if it is received or postmarked before the expiration of the applicable filing period, or, in the absence of a legible postmark, if it is received by mail within five days of the expiration of the applicable filing period.

(c) The time limits in this part are subject to waiver, estoppel and equitable tolling.

(d) The first day counted shall be the day after the event from which the time period begins to run and the last day of the period shall be included, unless it falls on a Saturday, Sunday or Federal holiday, in which case the period shall be extended to include the next business day.