# No. 22-13270

In The

# United States Court of Appeals
## for the Eleventh Circuit

**ALFREIDA HOGAN**,
*Plaintiff-Appellant*,

v.

**SECRETARY, U.S. DEPARTMENT OF VETERANS AFFAIRS**,
*Defendant–Appellee.*

On Appeal from the United States District Court for the Northern District of Alabama, No. 2:20-cv-012440-MHH

# REPLY BRIEF OF APPELLANT

Braden T. Morell
MAYNARD NEXSEN P.C.
1901 Sixth Ave. N., Suite 1700
Birmingham, Alabama 35203
(205) 254-1000
bmorell@maynardnexsen.com
*Counsel for Plaintiff-Appellant Alfreida Hogan*

*Hogan v. Sec'y, U.S. Dep't of Veterans Affairs,*
No. 22-13270

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The following is a list of all known judges, attorneys, persons, associations of persons, firms, partnerships, corporations, and other legal entities that have an interest in the outcome of this case, including subsidiaries, conglomerates, affiliates, and parent corporations, any publicly held company that owns 10% or more of a party's stock, and other identifiable legal entities related to a party.

1. Baldi, Maxwell A., U.S Dept. of Justice;

2. Billingsley, Michael B., U.S. Dept. of Justice;

3. Blutter, Sarah C., U.S. Dept. of Justice;

4. Boynton, Brian M., U.S. Dept. of Justice;

5. Donat, Amanda, U.S. Dept. of Justice;

6. Escalona, Prim F., U.S. Dept. of Justice;

7. Haikala, Madeline, U.S. District Court Judge for the Northern District of Alabama;

8. Holt, Elizabeth, U.S. Dept. of Justice;

9. Hogan, Alfreida, Appellant;

10. Hutsler, Kearney Dee, Former Counsel for Appellant;

11. McDonough, Denis R., Secretary, U.S. Dept. of Veterans Affairs;

12. Morell, Braden T., Counsel for Appellant;

13. Pickren, Robert C., U.S. Dept. of Justice;

14. Scarborough, Charles W., U.S. Dept. of Justice;

15. Shultz, Benjamin M., U.S. Dept. of Justice;

16. Wooten, James M., Former Counsel for the Appellant.

As far as the undersigned counsel is aware, no publicly traded corporation has an interest in the outcome of this appeal.

| September 4, 2024 | /s/ *Braden T. Morell* |
| | Braden T. Morell |
| | |
| | *Counsel for Plaintiff-Appellant Alfreida Hogan* |

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ................................................................................................... C-1

TABLE OF CONTENTS ....................................................................................... i

TABLE OF AUTHORITIES ................................................................................ iii

ARGUMENT ......................................................................................................... 1

    I.    THE COURT SHOULD DECLINE THE GOVERNMENT'S REQUEST TO DECIDE WHETHER PLAINTIFF IS ENTITLED TO EQUITABLE TOLLING IN THE FIRST INSTANCE ................................................. 2

CONCLUSION .................................................................................................... 11

CERTIFICATE OF COMPLIANCE ................................................................... 12

CERTIFICATE OF SERVICE ............................................................................ 13

# TABLE OF AUTHORITIES

**CASES**

*Access Now, Inc. v. Sw. Airlines Co.*,

   385 F.3d 1324 (11th Cir. 2004)..............................................................................3

*Brown v. Snow*,

   440 F.3d 1259 (11th Cir. 2006).........................................................................5, 8

*Callahan v. U.S. Dep't of Health & Hum. Servs.*,

   939 F.3d 1251 (11th Cir. 2019).........................................................................2, 3

*Crawford v. Babbit*,

   186 F.3d 1322 (11th Cir. 1999)................................................................. 1, 4, 5, 8

*Hewitt v. Whitaker*,

   2018 WL 6174437 (S.D. Ala. Nov. 26, 2018) .........................................................4

*Irwin v. Department of Veterans Affairs*,

   498 U.S. 89 (1990)..................................................................................................9

*La Grasta v. First Union Sec., Inc.*,

   358 F.3d 840 (11th Cir. 2004)...............................................................................3

*Miller v. Marsh*,

   766 F.2d 490 (11th Cir. 1985)...............................................................................8

*Oy v. Mosley*,

   694 F.3d 1294 (11th Cir. 2012) ............................................................. 2

*Palmyra Park Hosp. Inc. v. Phoebe Putney Mem'l Hosp.*,

   604 F.3d 1291 (11th Cir. 2010) ............................................................. 2

*Ramirez v. Sec'y, U.S. Dep't of Transp.*,

   686 F.3d 1239 (11th Cir. 2012) ........................................................ 4, 8

*Reinoso v. AGC Consulting Civ. Engineers & Gen. Contractors, Inc.*,

   774 F.3d 1328 (11th Cir. 2014) ............................................................. 3

*Swauger v. Ashley*,

   2020 WL 2218937 (N.D. Ala. May 7, 2020) ........................................ 4

*Wilkerson v. Grinnell Corp.*,

   270 F.3d 1314 (11th Cir. 2001) ........................................................ 3, 5

*Williams v. Wright*,

   927 F.2d 1540 (11th Cir. 1991) ............................................................. 3

## ARGUMENT

The Government argued to the District Court that under this Court's decision in *Crawford v. Babbit*, 186 F.3d 1322 (11th Cir. 1999), Plaintiff's failure to timely file a complaint with the Department of Veterans Affairs deprived the District Court of jurisdiction over Plaintiff's claims. *See* DE 28 at 8–10. Arguing that the filing deadline is jurisdictional under *Crawford*, the Government contended that equitable tolling is not available to Plaintiff as a matter of law. *See* DE 35 at 5. The District Court agreed, holding that it "lack[ed] subject matter jurisdiction" over this dispute. DE 38 at 5. According to the District Court, *Crawford* "eliminat[es] a district court's ability to consider any issue . . . other than jurisdiction," DE 38 at 2, including Plaintiff's entitlement to equitable tolling.

Now, the Government abandons *Crawford* and concedes equitable tolling is available to Plaintiff, but it asks this Court to affirm on the ground that Plaintiff is not entitled to equitable tolling. This Court should refuse to make this finding in the first instance on a limited record, and instead remand this case to permit the District Court to decide whether Plaintiff is entitled to equitable tolling.

1

## I. The Court should decline the Government's request to decide whether Plaintiff is entitled to equitable tolling in the first instance.

The District Court concluded it "lack[ed] subject matter jurisdiction" over this dispute. DE 38 at 5. On that ground alone, the District Court dismissed Plaintiff's claims. *Id.* Abandoning that reasoning, the Government asserts for the first time on appeal that Plaintiff's failure to submit a timely complaint to the Department did not deprive the District Court of jurisdiction over her claims. The Government nonetheless contends this Court should affirm because Plaintiff "has not established that she is entitled to equitable tolling" of the 15-day deadline for submitting the complaint. Government's Brief ("Gov. Br.") at 16.

This Court is a "court of review, not a court of first view." *Callahan v. U.S. Dep't of Health & Hum. Servs.*, 939 F.3d 1251, 1266 (11th Cir. 2019). Although the Court may affirm on any ground supported by the record, *Kernel Recs. Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012), it "likewise may exercise [its] discretion to decline to do so when appellate review would benefit from reasoned deliberation by the district court." *Palmyra Park Hosp. Inc. v. Phoebe Putney Mem'l Hosp.*, 604 F.3d 1291,

1307 (11th Cir. 2010); *see also La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 851 (11th Cir. 2004) (recognizing discretion to "decline to decide, in the first instance" issues not decided by the District Court). "[U]navoidably fact-sensitive[ questions] should be addressed first by the district court." *Callahan*, 939 F.3d at 1266. After all, this Court is "an appellate court with no fact finding mechanism." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Where error is found but "alternative grounds for affirmance" are raised, this Court often remands, "preferring that the district court address them in the first instance." *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 n.4 (11th Cir. 2001); *see also Reinoso v. AGC Consulting Civ. Engineers & Gen. Contractors, Inc.*, 774 F.3d 1328, 1329 (11th Cir. 2014); *Williams v. Wright*, 927 F.2d 1540, 1551 (11th Cir. 1991).

Here, there are good reasons for the Court to decline the Government's invitation to pass on undeveloped factual issues not considered by the District Court. First, the Government's current fact-based position is directly contrary to the law-based position it advanced before the District Court. The Government's motion for summary judgment concerned the "discrete" issue of whether Plaintiff properly

3

exhausted her administrative remedies. DE 28 at 10 n.2. On that discrete issue, the Government argued equitable tolling is unavailable to Plaintiff as a matter of law. DE 28 at 8–10; DE 35 at 5 (arguing in reply that "equitable tolling is not available" to Plaintiff). The Government, and later the District Court, acknowledged "considerable confusion" among District Courts within this Circuit regarding whether exhaustion requirements are jurisdictional, DE 28 at 8–10; DE35 a 3–5, but the Government nonetheless argued that under *Crawford*, exhaustion is a jurisdictional prerequisite.[1] DE 28 at 8–10. Plaintiff opposed on the

---

[1] The Government's abandonment of *Crawford* should not prevent the Court from addressing whether the District Court correctly relied on it, and Plaintiff does not abandon her challenge to *Crawford*. The District Court's order is illustrative of the "considerable confusion" amongst District Courts in this Circuit regarding whether Title VII's exhaustion requirements are jurisdictional under *Crawford*. *Compare Swauger v. Ashley*, 2020 WL 2218937, at *2 (N.D. Ala. May 7, 2020) ("It is well-settled that, as a jurisdictional prerequisite, a federal employee must timely exhaust administrative remedies prior to filing an employment discrimination suit under Title VII." (quotation omitted)), *with Hewitt v. Whitaker*, 2018 WL 6174437, at *6 (S.D. Ala. Nov. 26, 2018) ("[I]t is clear . . . that the *timeliness* of the administrative filing is a condition precedent to suit, subject to waiver, not a jurisdictional matter." (emphasis in original)). This Court should explain whether, as this Court has said, exhaustion "time limit[s] [are] not jurisdictional" and are "subject to waiver, estoppel, and equitable tolling," *Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1243 (11th Cir. 2012); or, whether *Crawford*'s more general holding—that "[a] federal employee must pursue and exhaust her administrative remedies as a jurisdictional prerequisite to

4

ground that exhaustion is not jurisdictional, and therefore equitable tolling is available to her. DE 34 at 7–9. And although Plaintiff argued she was entitled to equitable tolling as a matter of fact, *id.* at 17–21, the District Court refused to consider the factual issue because, according to the District Court, *Crawford* "eliminat[es] a district court's ability to consider any issue . . . other than jurisdiction," DE 38 at 2. The Government's consistent position before the District Court—which the District Court ultimately adopted as its own—was that Plaintiff could not even claim she was entitled to equitable tolling solely because she failed to exhaust her administrative remedies. This Court should not review the Government's alternative defense of the District Court's order. *See Wilkerson*, 270 F.3d at 1322 n.4 (declining to consider alternative bases for affirming the grant of summary judgment where an employer argued the District Court's erroneous charge-filing conclusion could be supported on other grounds).

---

filing a Title VII action," 186 F.3d at 1322—applies to exhaustion timing requirements. *See Brown v. Snow*, 440 F.3d 1259, 1264 (11th Cir. 2006) (recognizing that some courts hold that "administrative exhaustion is not jurisdictional, but our precedents say otherwise" (citation omitted)).

5

The discrete nature of the Government's motion for summary judgment—which was invited by the District Court—also resulted in a limited record that further undermines the propriety of affirming on an alternative factual ground. During discovery, the District Court ordered the Government to move for summary judgment on the exhaustion issue. DE 24. The District Court "stayed" all deadlines in the case, including the discovery deadline. *Id.* At the time, four motions to compel were pending, each filed by Plaintiff. DE 17, 21, 22, 23. The District Court eventually denied the motions "[p]ending resolution of the Secretary's exhaustion defense." DE 36.

Discovery was therefore halted when the District Court ordered the Government to file a motion for summary judgment. The only factual dispute necessarily raised by the Government's motion for summary judgment concerned Plaintiff's compliance with the 15-day deadline for submitted a formal complaint. *See* DE 38 at 4. Indeed, in its motion for summary judgment, the Government noted the limited scope of the motion and reserved its right to move for summary judgment "at a later

6

date, if necessary."[2] DE 28 at 1 n.1. There are not only good reasons here to decline to make factual findings in the first instance—there are also good reasons to believe the Court's factual findings would be based on an incomplete record tailored only to the resolution of the sole issued decided by the District Court.

For example, the Government now argues that Plaintiff "hear[d] nothing" from the Government between the alleged submission of her formal complaint in July 2019 and April 2020, when her counsel contacted the Government to inquire about the status of the complaint. Gov. Br. at 14. Setting aside that nothing in the record establishes the absence of a disputed fact over whether Plaintiff received *anything* from the Government between these dates, Plaintiff's Brief identifies information received by Plaintiff in October 2019 that Plaintiff believed was related to her pending complaint. *See* Opening Br. at 15; *see also* DE

---

[2] Citing primarily to its reply in support of its motion for summary judgment, the Government argues it "[a]lternatively" sought summary judgment on the ground that Plaintiff "did not qualify for equitable tolling because her counsel had not been sufficiently diligent in pursuing her rights." Gov. Br. at 6, 13. Even if true, the District Court considered itself barred from considering this alternative ground, DE 38 at 2, and this Court's discretion to decline to rule on alternative grounds in the first instance does not depend on whether the ground was merely raised in the District Court.

7

34 at 5–6. This was well within the 180-day period that the Government adopts as indicative of Plaintiff's alleged lack of diligence. *See* Gov. Br. at 20.

The Government also brushes aside—without citation to authority—the prospect that Plaintiff believed the prior submission of the same information contained in her formal complaint reasonably led her to believe noncompliance with the 15-day deadline would not prevent her claim from proceeding. Gov. Br. at 21. In similar circumstances, this Court has recognized that "equitable tolling may be appropriate when a plaintiff has been lulled into inaction by state or federal agencies." *Miller v. Marsh*, 766 F.2d 490, 493 (11th Cir. 1985) (cleaned up). And "[t]he constant theme of [this Court's] precedents is that the purpose of exhaustion is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer." *Brown*, 440 F.3d at 1263; *Ramirez*, 686 F.3d at 1244 (same) (citing *Crawford*, 186 F.3d at 1326). Plaintiff raised in the District Court a factual dispute over whether that purpose was met by her prior submission of the information contained in her untimely formal complaint. *See* DE 34 at 15–17.

8

The Government begs the question by insisting that *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990), disposes of Plaintiff's entitlement to equitable tolling. The fact that "the principles of equitable tolling" may not apply "to what is at best a garden variety claim of excusable neglect, *id.*; Gov. Br. at 14–15, does not answer whether this case presents a so-called "garden variety" claim. On that question, the Government offers nothing but argument concerning disputed factual questions unaddressed by the District Court. Gov. Br. at 13–15. The Court should not adopt the Government's "garden variety" label without permitting the District Court to address Plaintiff's entitlement to equitable tolling in the first instance. *Cf. Irwin*, 98 U.S. at 96 (holding that a claimant's failure to timely file suit was not excused by attorney's absence when notice of right to sue was received).

Here is the bottom line: the Government cites no authority for the proposition that under these circumstances, Plaintiff is not entitled to equitable tolling as a matter of law. *See generally* Gov. Br. That was the argument the Government made to the District Court, but it has abandoned that argument now. And, accepting that equitable tolling

9

requires consideration of the factual record, this Court is left to make the Government's requested factual determinations in the first instance.

The Court should refuse the Government's invitation to affirm the District Court's order on an alternative factual ground. Although the Government now argues Plaintiff failed to factually support her entitlement to equitable relief, the Government previously argued the same factual basis was irrelevant because the District Court lacked jurisdiction, and the District Court agreed. The District Court did not consider whether Plaintiff is entitled to equitable relief, and this Court should remand this case back to the District Court rather than making that determination in the first instance.

# CONCLUSION

This Court should VACATE the District Court's order granting summary judgment and REMAND for the District Court to consider Plaintiff's entitlement to equitable tolling in the first instance.

Respectfully submitted,

September 4, 2024

/s/ *Braden T. Morell*
Braden T. Morell
MAYNARD NEXSEN P.C.
1901 Sixth Ave. N., Suite 1700
Birmingham, Alabama 35203
(205) 254-1000
bmorell@maynardnexsen.com

*Counsel for Plaintiff-Appellant Alfreida Hogan*

# CERTIFICATE OF COMPLIANCE

This brief complies with the applicable type-volume limitation under Federal Rule of Appellate Procedure 32(a)(7) and 11th Circuit Rule 32-4. According to the word-count feature in Microsoft Word, the relevant parts of this brief contain 2,076 words.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5)(A) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6). I prepared this brief in Century Schoolbook font, a proportionally spaced typeface. I used 14-point type or, for headings, a larger point size.

/s/ *Braden T. Morell*
Of Counsel

# CERTIFICATE OF SERVICE

On September 4, 2022, I e-filed this brief with the Clerk of Court via CM/ECF, which will serve all counsel of record.

/s/ *Braden T. Morell*
Of Counsel